March 25, 1907.

————o————

No. 4121.

(Court of Appeal, Parish of Orleans.)

## CITY OF NEW ORLEANS vs. MISS ANTONIA GONZALES.

1. A party who conducts a business subject to a license tax cannot, when sued for the same, assert as a defence that such business has been carried on in violation of law; no one can be heard to allege his own turpitude.
2. To deny to the City of New Orleans the right to collect a license tax on an occupation, because it has failed to enforce its police regulations in regard to the establishment of such business, would be to give to the law-breaking citizen an advantage over the law-abiding one.

Appeal from First City Court, Division "C."

Jno. P. Sullivan, for Plaintiff and Appellee.

M. D. Dimitry, for Defendant and Appellant.

DUFOUR, J. The City of New Orleans, through its treasurer, obtained judgment by default against defendant for a license of $100, for conducting the business of retail liquor dealer during the year 1906.

In this Court the appellant filed an exception of no cause of action and a general denial, and the cause was submitted on the following statement of facts:

"It is agreed that defendant conducts a house of prostitution at No. 1535 Iberville St., in this City and that she sells liquor in small quantities which are consumed on the premises. That for sale of liquor for the year 1906 the gross receipts are less than $5000, and that she has never applied for or obtained a permit from the City Council to set up or establish a barroom or drinking saloon. . That she has never obtained a majority of signatures of the property holders with the radius prescribed by law. That ordinance, 12636 C. S., makes it unlawful for any one to establish and set up a bar room or drinking saloon without a permit from the Council of the City of New Orleans, which can only be issued when a majority of signatures of *bona fide* householders within a radius of 300 feet have been obtained, and that, in the event of opening or setting up a bar room or drinking saloon, that such offender is subject to fine and imprisonment. That Act 99, of 1904, provides for the manner of granting permits for bar rooms and drinking saloons in the City of New Orleans, the same being an amendment to the present City Charter. It is agreed that the defendant denies the right of the City to collect the license. It is agreed that the City of New Orleans claims a license from defendant for a bar room and drinking saloon under section 19 of Ordinance 3406 N. C. S., and that the petition of plaintiff be considered as so amended."

The defences urged do not in any manner deny that the defendant comes within the scope of the law which imposes a license on the business of retail liquor dealer; in other words, the legality of the tax is not involved.

The objection urged is that the City cannot enforce its tax because the defendant has not complied with the requirements of the law by obtaining a permit to conduct her business.

To this objection a formal plea of estoppel is filed by the City on the grounds:

237

First—"That it is not competent for the defendant to show that she has been in an illegal business, namely a barroom, saloon or drinking house without a permit, and thereby deprive the City of New Orleans from collecting the license claimed herein."

Second—That defendant, in setting up such defence, is alleging her own turpitude, which, under the law, she cannot be heard to do."

In State vs. White, 115 La. 779, it was hel dthat the failure of a party to procure a permit from the City of New Orleans to conduct a saloon busines is no defence against a suit by the State for a license tax. There is no reason why the City should not be on the same footing; a permit is one thing and a tax another; to say that a failure to enforce a police regulation deprives the Municipality of the right to collect a license tax on an occupation would be to give the law-breaking citizen an advantage over the law-abiding one.

See Black on Intoxicating Liquors, sections 220 etc.

A party who conducts a business subject to a license tax cannot, when sued, assert as a defense that the business has been carried on in violation of law; no one can be heard to allege his own turpitude. 24, An, 591; 25 An, 78.

The estoppel is well-founded, and the judgment is correct.

Judgment affirmed.

March 25, 1907.

Rehearing refused April 8, 1907.